**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JOSEPH PETERSON** | **CIVIL ACTION**

**VERSUS** | **NO. 21-2027**

**TRAVIS DAY** | **SECTION: D (2)**

**ORDER & REASONS**

The Court, having considered *de novo* the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254,[1] the response to the Petition by the Attorney General's Office,[2] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[3] and the Petitioner's Objection to the Report and Recommendation,[4] hereby overrules Petitioner's objections, approves the Report and Recommendation of the United States Magistrate Judge, and adopts it as its opinion in this matter.

As the facts and procedural background of this matter are not contested, the Court fully adopts the Magistrate Judge's detailed summary of the factual background.[5] In his habeas Petition, Peterson asserts the following two grounds for habeas relief: (1) the evidence presented at trial was insufficient to support the verdict; and (2) the trial court erred in denying Petitioner's Motion *in Limine* to exclude written material seized from Petitioner's computer.[6] Following a referral of

---

[1] R. Doc. 1.
[2] R. Doc. 13.
[3] R. Doc. 15.
[4] R. Doc. 16.
[5] R. Doc. 15 at pp. 2–9.
[6] R. Doc. 1.

the matter to the Magistrate Judge, the Magistrate Judge issued a Report and Recommendation.[7] Petitioner then timely filed Objections.[8]

Rather than raising objections to the R&R, Peterson's "Objections to Magistrate's Report and Recommendation" is a rephrased rehashing of the same two arguments made in his habeas Petition, much of it verbatim.[9] The only addition to the "objections" is that Peterson also asserts, without any supporting evidence, that "his convictions are invalid and never became final through direct appeal."[10] Addressing Petitioner's newly raised argument that his convictions are invalid because they never became final though direct appeal, the Court first points to Petitioner's original Petition, in which he stated:

> On June 18, 2019, Petitioner filed a Direct Appeal Review from the judgement of the 25th Judicial District court, Plaquemine Parish, State of Louisiana to the Louisiana Fourth Circuit Court of Appeals though Louisiana Appellate Project Counsel Bruce G. Whittaker under Docket Number 2018-KA-1045 c/w 2018-KA-1046 (Exhibit B).
>
> On August 29, 2019, the State filed its opposition to the Petitioner's Direct Appeal review. (Exhibit C).
>
> On January 8, 2020, the Direct Appeal Review was denied by the Louisiana Fourth Circuit Court of Appeals under the abovementioned Docket Numbers, (Exhibit D).
>
> On January 23, 2020, the Petitioner filed a Writ of Certiorari to the Louisiana Supreme Court under Docket Number 2020-KO-00248, urging the same issues he had in his Direct Appeal Review. (Exhibit E).
>
> On July 31, 2020, the Louisiana Supreme Court denied Certiorari for the Petitioner. (Exhibit F).
>
> On September 1, 2020, the Petitioner filed Certiorari to the United States Supreme Court to review the

---

[7] R. Doc. 15.
[8] R. Doc. 16.
[9] R. Doc. 16.
[10] R. Doc. 17 at p. 1.

> Louisiana Supreme Court's judgment in his case (Exhibit G).
>
> On December 7, 2020, the United States Supreme Court denied the Petitioner Certiorari under Docket Number 20-5907. (Exhibit H).[11]

While Petitioner acknowledges in his Petition the finality of his convictions, the Court has also reviewed the entire state court record and has confirmed Petitioner's record on appeal.[12] As such, Petitioner's "objection" that his convictions never became final through direct appeal is overruled as it is unsupported by the record in this case.

Peterson's remaining two objections are restatements, much of it verbatim, of the arguments raised in his Petition.[13] "In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific."[14] Although the court does not find Petitioner's objections specific, it has undertaken a thorough review of the entire 16-volume state court record and agrees with the thorough analysis by the Magistrate Judge in her Report and Recommendation that the record more than adequately supports the trial court's finding of the commission of the crimes of Aggravated Incest

[11] R. Doc. 1-1 at pp. 2–3.
[12] State Court Record, Volume 5 of 16.
[13] R. Doc. 16.
[14] *Stone v. Director, TDCJ-CID*, No. 3:22-cv-512-M-BN, 2022 WL 980792, at *3 (N.D. Tex., March 7, 2022) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)).

in violation of La. R. S. 14:78.1. While Petitioner recognizes in his Petition and in his Objections that "credibility determinations, as well as the weight to be attributed to the evidence, are soundly within the province of the trier of fact," most of his arguments focus on the credibility and argued lack of corroboration of the victim's testimony.[15] Having read the trial transcript, this Court remains convinced that the trial record supports the trial court's finding of the petitioner's guilt beyond a reasonable doubt. As to Petitioner's second objection, that the trial court erred in allowing into evidence some of the pornographic evidence seized from his computer, this Court again adopts the Magistrate Judge's well-reasoned Report in determining that there is no indication in the record that the introduction of pornographic evidence rendered his trial fundamentally unfair. Further, as correctly noted by the Magistrate Judge, "because it was a bench trial, it is unlikely that the trial judge was improperly influenced by the evidence, as the judge is presumed to know the law."[16] This Court agrees. The trial judge, who ruled on the admissibility of the evidence for limited purposes under La. Code Evidence Art. 412.2, was able to disregard irrelevant and potentially prejudicial material and consider the evidence for the limited purposes allowed. Accordingly, Petitioner's Objections to the R&R are overruled.

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial

---

[15] *Id*. at pp. 3-4.
[16] R. Doc. 15 at p. 36.

of a constitutional right."[17] The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further.[18] "Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination."[19] After reviewing the record, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. The Court, therefore, denies Petitioner a certificate of appealability.

**IT IS ORDERED** that Joseph Peterson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner a certificate of appealability.

New Orleans, Louisiana, November 7, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[17] 28 U.S.C. § 2253(c)(2).
[18] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[19] *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997); *Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).